**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11-9018-MC-C-NKL |
| | ) | |
| JOSEPH R. SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

A petition to enforce an Internal Revenue Service ("IRS") summons was filed by the United States of America on November 15, 2011.[1]  Respondent Joseph R. Smith failed to answer or otherwise challenge the allegations of the petition.  Thus, on February 29, 2012, the court entered an order directing respondent to appear before the undersigned at the United States Courthouse, 80 Lafayette Street, Jefferson City, Missouri, on April 23, 2012, at 1:00 p.m. to show cause why the IRS summons should not be enforced.  Respondent failed to appear on April 23, 2012.

Service of a certified copy of the order was attempted on respondent on March 15, 28, 29, and 30, and April 5, 2012, at 4201 Tanner Bridge Road, Jefferson City, Missouri, his last and usual place of abode, but the process form was returned unexecuted by the United States Marshal's Service.  The Revenue Officer appeared in court on April 23, 2012, and stated she believes respondent is still residing at the same address and that he is purposely avoiding service of the order.[2]

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2]Record was made of this court proceeding.

In <u>United States v. First Nat. Bank of Mitchell</u>, 691 F.2d 386, 387 n.3 (8th Cir. 1982), the court stated that whether to enforce an IRS summons can be decided on the written record, as follows:

> Generally, a taxpayer is entitled to a hearing prior to enforcement of an IRS summons. <u>United States v. Powell</u>, 379 U.S. 48 (1964). However, this right is not absolute. If the person summoned neither challenges allegations in the complaint nor raises proper affirmative defenses, no evidentiary hearing is required; the matter can be decided on the written record.

As of the date of this report and recommendation, respondent has not filed an answer or any other pleading challenging any allegation in the petition or raising an affirmative defense and has failed to appear in response to an order of this court to show cause why the summons should not be enforced. Therefore, this report and recommendation is based on the written record, including the declaration of Revenue Officer Alicia B. Fitzgerald ("Officer Fitzgerald").

## I. Findings of Fact

1. Officer Fitzgerald is employed by the IRS as a Revenue Officer in the Small Business/Self-Employed Division of the Internal Revenue Service.

2. Officer Fitzgerald is conducting an investigation into determining respondent's personal tax liabilities for the years 2007, 2008, and 2009.

3. On May 2, 2011, Officer Fitzgerald, in furtherance of her investigation, issued a summons directed to respondent. Officer Fitzgerald served an attested copy of the summons on respondent on May 4, 2011. The summons required respondent to appear before Officer Fitzgerald at 10:00 a.m. on June 2, 2011, to produce for examination their books, papers, records, and other data as described in the summons from which the IRS can determine respondent's personal income tax liabilities for the years 2007, 2008, and 2009 and to testify about those records and generally about his income. Respondent did not appear on June 2, 2011, or otherwise comply with the summons.

4. Respondent was afforded another opportunity to comply with the summons by appearing before Officer Fitzgerald on June 28, 2011. Respondent did appear before Officer Fitzgerald on June 28, 2011, and provided completed federal income tax returns for the years 2007 and 2008; however, respondent did not provide the information sought by the summons for

2

the year 2009.  Respondent was granted an extension until July 15, 2011, but still has not provided the information sought by the summons.

5.  The testimony, books, records, papers and other data sought by the summons are necessary to determine respondent's personal tax liabilities for the year 2009.

6.  The books, papers, records, and other data sought by the summons are not already in the possession of the IRS.

7.  All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

8.  There has been no referral made by the IRS to the Department of Justice for criminal prosecution of respondent.

## II.  Internal Revenue Service Summons

The IRS may issue a summons in order to inquire into any offense connected with the administration or enforcement of the internal revenue laws.  26 U.S.C. § 7602(b).  In order to establish a prima facie case for enforcement of a summons, the Government must make a "minimal showing" that (1) the summons is for a legitimate purpose, (2) the material being sought is relevant to the investigation, (3) the information is not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964).  Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make a prima facie case.  United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir. 1990); United States v. Will, 671 F.2d 963, 966 (6th Cir. 1982).

Once the Government establishes a prima facie case for enforcement of a summons, the burden shifts to the respondent to show that the summons was issued for an improper purpose or was otherwise deficient.  United States v. Abrahams, 905 F.2d at 1280; United States v. Beacon Federal Savings & Loan, 718 F.2d 49, 52 (2d Cir. 1983).  In contrast to the Government's "minimal burden" to make out a prima facie case, the party resisting the summons bears a "heavy" burden of disproving the IRS assertion.  United States v. Abrahams, 905 F.2d at 1280.

Based on the declaration of Officer Fitzgerald, the court finds that the IRS has made out a prima facie case for enforcement of the summons.  By means of Officer Fitzgerald's declaration,

the IRS has clearly made the minimal showing necessary to satisfy its threshold burden that the Powell requirements were met.  The declaration states that (1) the information sought is necessary to determine respondent's personal tax liabilities for the year 2009; (2) the information sought is material and necessary since it will show whether any assets of the taxpayer are available to satisfy the tax liability for the period mentioned above; (3) the information is not already in the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed.  Therefore, the IRS is entitled to an order for enforcement of this summons, unless the respondent can show that the summons was issued for an improper purpose or was otherwise deficient.  United States v. Abrahams, 905 F.2d at 1280.  Since respondent has failed to answer or otherwise respond, and appears to be purposely avoiding service of the order of this court directing him to appear and show cause why the summons should not be enforced, he has failed to meet this heavy burden.

### III.  Conclusion

The undersigned finds that the IRS has made out a prima facie case for enforcement of the summons and that respondent has failed to show that the summons was issued for an improper purpose or was otherwise deficient.  Therefore, it is

RECOMMENDED that the court, after making its own independent review of the record, enter an order directing compliance with the summons on a date and at a time agreed upon by Officer Alicia B. Fitzgerald and respondent Joseph R. Smith, but not later than thirty days after service of an order directing compliance with the summons upon respondent.  It is further

ORDERED that the Clerk of the Court forward a copy of this Report and Recommendation to respondent Joseph R. Smith at 4201 Tanner Bridge Road, Jefferson City, Missouri 65202-8273.

All parties and counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to the Report and Recommendation.  A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 25th day of April, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge